| | |
|---|---|
| Kim O. Dincel (SBN 131563)<br>kdincel@dincellaw.com<br>DINCEL LAW GROUP, APC<br>96 N. Third Street, Ste. 525<br>San Jose, CA 95112<br>(408) 512-2132<br>(408) 824-1312<br><br>Attorneys for Creditors/Plaintiffs<br>JANICE CHEN and STEVEN LEE | **FILED**<br>MAY -5 2023<br>U.S. BANKRUPTCY COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| IN RE:<br><br>RENOVII, INC.,<br><br>Debtor. | Adv. Case No.:<br>Case No.: 23-40110<br><br>Chapter 7<br><br>**ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(A) AND (C)** |
| JANICE CHEN and STEVEN LEE,<br><br>    Plaintiffs<br><br>v.<br><br>RENOVII, INC.,<br><br>    Defendant. | |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

    JANICE CHEN and STEVEN LEE (collectively, "Plaintiffs"), Plaintiffs and Creditors of the above-named Debtor, RENOVII, INC., ("Defendant" and or "RENOVII"), hereby object to the entry of discharge in the above-entitled bankruptcy case pursuant to 11 U.S.C. § 727(a) and 727(c) and Rule 4004 of the Federal Rules of Bankruptcy Procedure, and allege as follows:

1

ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE

## INTRODUCTION

1. This is an action to object to entry of discharge in the Chapter 7 bankruptcy case of Defendant RENOVII, Case Number 23-40110, pending in the U.S. Bankruptcy Court for the Northern District of California, Oakland Division.

2. Defendant is not eligible for discharge as a debtor in this bankruptcy case pursuant to 11 U.S.C. §§ 727(a)(1) and 727(a)(4)(C).

## JURISDICTION

3. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. § 727.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## VENUE

5. Venue is proper under 28 U.S.C. § 1409.

## PARTIES

6. Plaintiff JANICE CHEN is, and was at all relevant times herein, an individual who resides in Santa Clara County, California and a Co-Trustee of the Lee/Chen Family Trust.

7. Plaintiff STEVEN LEE is, and was at all relevant times herein, an individual who resides in Santa Clara County, California and a Co-Trustee of the Lee/Chen Family Trust.

8. Defendant RENOVII was at all relevant times herein a dissolved Delaware corporation, with its principal place of business in Fremont, California, that was registered to do business in California on January 25, 2021, until it surrendered its registration on June 15, 2021 and was dissolved in Delaware on June 22, 2021. At all times herein relevant, RENOVII was registered to do business, and was doing business in the State of California at 933 Corporate Way in Fremont, California.

9. Danli Liu was the incorporator and former CEO of RENOVII. Ms. Liu directed, controlled and was responsible for all actions taken by RENOVII.

# FACTUAL ALLEGATIONS

## A. DEFENDANT'S BANKRUPTCY CASE

10. On January 31, 2023, Defendant filed a voluntary petition or relief under Chapter 7 of Title 11 of the United States Code ("Petition Date"), thereby initiating bankruptcy Case Number 23-40110 in the U.S. Bankruptcy Court for the Northern District of California, Oakland Division ("Bankruptcy Case").

11. In its Creditor Matrix filed on January 31, 2023, Defendant identified "Janice Chen" and "Steven Lee," Plaintiffs herein, as two of its creditors.

12. In Schedule A/B filed by Defendant on March 1, 2023, Defendant disclosed that it has an interest in a Wells Fargo Bank account ending in 4429 totaling $47,100.

13. On March 8, 2023, the Bankruptcy Trustee held the initial meeting of creditors in the Bankruptcy Case. Neither bankruptcy counsel for RENOVII, Zheng "Andy" Liu, Danli Liu nor anyone else appeared on behalf of the debtor and the hearing was continued to April 5, 2023.

14. On March 31, 2023, Plaintiff JANICE CHEN filed a proof of claim in the Bankruptcy Case claiming $228,326.43 (Claim #2).

15. The same day, March 31, 2023, Plaintiff STEVEN LEE filed a proof of claim in the Bankruptcy Case claiming $228,326.43 (Claim #3).

16. On April 5, 2023, a second creditors meeting was held. Mr. Liu appeared as counsel for the debtor RENOVII. Ms. Liu also appeared. Mr. Liu informed the Bankruptcy Trustee that it was his intention to file a motion with the Bankruptcy Court to be relieved as counsel. The creditors meeting was then continued to May 3, 2023.

17. On May 3, 2023, a third creditors meeting was held. Mr. Liu did not attend. Ms. Liu appeared with new counsel making a special appearance on her behalf. Danli Liu was asked and answered questions from the Trustee under oath and indicated that she intended to submit some revised bankruptcy filings to replace those previously filed.

18. There were no further creditors meetings scheduled.

19. As of the date of this filing, Mr. Liu has not yet filed a motion to be relieved as counsel in the Bankruptcy Case.

20. Based upon Defendant's current bankruptcy filings, Plaintiffs now bring the instant complaint to object to entry of discharge in Defendant's case pursuant to 11 U.S.C. §§ 727(a)(1) and 727(a)(4)(C).

**B.   DEFENDANT'S DEBT TO PLAINTIFFS**

21. On January 21, 2021, Danli Liu incorporated RENOVII in Delaware and registered it to do business in California on January 25, 2021.

22. RENOVII was supposedly set up to become a company doing business as an "Uber style" construction platform to service both sides of the construction and renovation business. On one side of the app-based transaction would be the homeowner and on the other side would be contractors able to complete the homeowner's remodel. The business model included providing customer service to both the homeowner and the contractor. For the service, the new business would collect a fee in the amount of 15% of the total contract price.

23. In late January 2021, RENOVII, under the control of Danli Liu, began targeting seed investors, including Plaintiffs JANICE CHEN and STEVEN LEE.

24. Unbeknownst to Plaintiffs, RENOVII had intentionally been set up as a shell corporation and conduit for obtaining funds from lenders and investors for Danli Liu's personal benefit.

25. On February 3, 2021, a meeting was held at RENOVII's Fremont headquarters that was attended by Danli Liu representing RENOVII and Plaintiffs JANICE CHEN and STEVEN LEE as potential investors in RENOVII, among others. At that meeting, Plaintiffs were presented the business model and offered the opportunity to loan money to RENOVII in exchange for a promissory note convertible to "Equity Securities" in RENOVII.

26. At the February 3, 2021, meeting, Plaintiff JANICE CHEN specifically asked about Danli Liu's experience as the majority shareholder and CEO of another corporation. Danli Liu told JANICE CHEN that she had "owned and operated" her other corporation for the previous 10 years and that she was committed to bringing all of the corporation's business to RENOVII and that the other corporation would generate a net profit in excess of $1 million to RENOVII. At the conclusion of the meeting, JANICE CHEN was told that she would be provided with the other corporation's prior year's financial statement and other documents, but those documents were never provided by Danli Liu or RENOVII or

anyone else.

27. Plaintiffs JANICE CHEN and STEVEN LEE agreed in principle to invest $300,000 in a convertible promissory note from RENOVII. They were hesitant, however, because they did not know Danli Liu personally and were concerned that her involvement in both RENOVII and the other corporation would create a conflict of interest to their detriment.

28. Plaintiff JANICE CHEN met with Danli Liu on behalf of RENOVII again on February 6, 2021. At that time, JANICE CHEN was further encouraged to invest in RENOVII and was provided more information about RENOVII's projected financial metrics and the planned next round of corporate funding for the company. When JANICE CHEN again asked for the other corporation's financial statements and other supporting documents concerning any possible conflict of interest between RENOVII and the other corporation resulting from Danli Liu's positions at both companies, she was told that Danli Liu was still working on obtaining those documents and would provide them as promised in order to quell Plaintiffs' uncertainty about investing in RENOVII.

29. On February 12, 2021, in reliance on RENOVII, INC's key financial metrics and upon the promise that all of the requested documents would be provided, Plaintiffs JANICE CHEN and STEVEN LEE agreed as Trustees on behalf of the Lee/Chen Family Trust to loan RENOVII $300,000 in exchange for a promissory note convertible equity securities. On that date, they signed a Convertible Note Purchase Agreement and accepted a Convertible Promissory Note ("the Promissory Note") evidencing what they understood to be a loan to RENOVII in the amount of $300,000 that upon the occurrence of certain events would be converted to stock in RENOVII.

30. On February 16, 2021, in further reliance on RENOVII's key financial metrics and the promise of receiving the requested documents, Plaintiffs JANICE CHEN and STEVEN LEE transferred $200,000 from their personal account to RENOVII's Wells Fargo bank account.

31. On March 17, 2021, Plaintiffs JANICE CHEN and STEVEN LEE received an email from Danli Liu on behalf of RENOVII that predicted, among other things, that RENOVII would have a "positive" cash flow by November 2021.

5
ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE
Case: 23-04018   Doc# 1   Filed: 05/05/23   Entered: 05/05/23 16:26:35   Page 5 of 9

32. On March 23, 2021, Plaintiffs JANICE CHEN and STEVEN LEE were informed by Danli Liu that she had "resigned" from the other corporation and had withdrawn from her positions as Secretary and CFO there.

33. The March 23, 2021 email also included a document described as "current expenses for RENOVII" "not yet finalized." According to that document, RENOVII, under the control of Danli Liu, had reimbursed the other corporation for the prepayment of some of RENOVII's expenses, including over $4,100 for "badminton." Despite no income being generated by RENOVII, the current expenses document reported that RENOVII, under the control of Danli Liu, had paid Danli Liu a total of $18,948.97 in three "payroll" payments of $6,316.32 each on March 1, 2021, March 16, 2021, and March 19, 2021, respectively.

34. The current expense document also revealed that the largest payments made from RENOVII's bank account, under the control of Danli Liu, in March 2021 were made to another third company, which Plaintiffs later learned is an Alameda County Fictitious Business Name owned by the second corporation from which Danli Liu had just "resigned." RENOVII, under the control of Danli Liu, had apparently paid the company a total of $39,000 in early March 2021, ostensibly for an "electrical contract" and a "design contract" at a time when RENOVII had no application by which customers could do business, no contractor's license, and no customers. Plaintiffs are informed and believe that in fact these funds were funneled to Danli Liu for her personal benefit.

35. On March 23, 2021, Danli Liu removed RENOVII'S CEO and took over the CEO position herself and directed that she receive $20,000 per month in compensation.

36. At a March 24, 2021 meeting at RENOVII's Fremont headquarters, Plaintiffs were provided with a balance sheet that showed RENOVII only had roughly $100,000 in the bank, and that RENOVII, under the control of Danli Liu, had spent roughly $100,000 in two months.

37. Plaintiffs are informed and believe that after March 24, 2021, RENOVII, under the control of Danli Liu, continued to spend the loaned funds to benefit herself and depleted all of the funds that remained in the account, rendering the company insolvent and unable to repay its creditors, including Plaintiffs JANICE CHEN and STEVEN LEE.

38. Upon learning of the rampant spending, Plaintiff JANICE CHEN and another investor

demanded that the money they had loaned to RENOVII, in exchange for convertible notes be returned immediately and that all of RENOVII's business operations cease.

39. In response to the demands made at the March 24, 2021 meeting, Danli Liu sent an email in which she offered to return $100,000, but only if all parties involved with RENOVII agreed to sign a mutual release of all claims. She also acknowledged in that email that another $100,000 was also owed to Plaintiffs but suggested that a new convertible note be issued for the remaining $100,000.

40. Plaintiffs subsequently learned that a close examination of the Convertible Note that they had received revealed an ambiguity in the note in that it reports a loan of $200,000 at the top, then in the text, RENOVII "promise[d] to pay The Lee/Chen Family Trust (the 'holder') the principal sum of One Hundred Thousand dollar ($300,000)…"

41. The events that would trigger conversion of the Promissory Note held by Plaintiffs JANICE CHEN and STEVEN LEE into equity securities under the terms of the promissory note never occurred and thus the funds provided by Plaintiffs to RENOVII remain and continue to remain a debt owed to them.

42. By a letter sent on April 23, 2021 to Danli Liu, Plaintiffs, through their counsel, demanded return of their $200,000. The demand was refused.

43. On June 15, 2021, Danli Liu filed a Statement of Surrender on behalf of RENOVII, surrendering its rights to do business in California. The Secretary of State of the State of Delaware reports that RENOVII was dissolved on June 22, 20221.

44. Plaintiffs were never informed by RENOVII or Danli Liu that Danli Liu was a convicted felon who had plead guilty on December 20, 2017, to a conspiracy to suppress and restrain competition by rigging bids to obtain selected properties offered at public real estate foreclosure auctions in Alameda County. Her three-year probation ended just before she engaged in the acts alleged herein.

45. Plaintiffs are informed and believe that before, during, and after incorporating RENOVII, Danli Liu incorporated at least four other corporations. RENOVII fraudulently transacted with at least one of them and its "dba" entity, as alleged above. Another Danli Liu corporation was intended to provide the exact same services as RENOVII, that is to bring together licensed construction contractors and homeowners in need of construction services. The final two corporations continued to do business

for a time from the office located at RENOVII's former headquarters after RENOVII was dissolved.

**C.  PLAINTIFFS' ALAMEDA SUPERIOR COURT ACTION AGAINST DEFENDANT**

46. On June 9, 2021, Plaintiffs JANICE CHEN and STEVEN LEE filed a Complaint against Defendant RENOVII and Danli Liu, an individual, stemming from their actions as alleged above, in Alameda County Superior Court as Case Number HG21106568.

47. On September 1, 2021, Plaintiffs JANICE CHEN and STEVEN LEE filed their operative First Amended Complaint, in the Alameda Superior Court action, which had been amended to name various additional defendants, including Danli Liu's ex-husband and business partner, Zhongmin Liu, as well as their various other shell corporations.

48. In their First Amended Complaint, JANICE CHEN and STEVEN LEE prayed for general damages in the sum of $200,000 against all Defendants, including RENOVII.

**FIRST CAUSE OF ACTION**
(For a Determination that Defendant's Debts to Plaintiffs
Are Not Dischargeable Pursuant to 11 U.S.C. § 727(a)(1))

49. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 48 above, as though set forth fully herein.

50. Defendant is not an individual debtor.

51. Defendant is a dissolved corporation. Defendant was incorporated in Delaware on January 21, 2021 and registered to do business in California on January 25, 2021. Defendant surrendered its registration to do business in California on June 15, 2021, and was dissolved in Delaware on June 22, 2021.

52. Because Defendant is not an individual, it is not eligible to obtain a discharge in this Bankruptcy Case under U.S.C. § 727(a)(1).

**SECOND CAUSE OF ACTION**
(For a Determination that Defendant's Debts to Plaintiffs
Are Not Dischargeable Pursuant to 11 U.S.C. § 727(a)(4)(C)

53. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 48 above, as though set forth fully herein.

54. Upon information and belief, Defendant, knowingly and fraudulently attempted to obtain

money and did receive money from Plaintiffs.

55. By knowingly and fraudulently attempting to obtain and receiving money from Plaintiffs, Defendant violated the provisions of 11 U.S.S. § 727(a)(4)(C) and is ineligible to obtain a discharge in this Bankruptcy Case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs JANICE CHEN and STEVEN LEE pray for the entry of judgment against Defendant as follows:

1. That the Court determine that the debts of Defendant RENOVII owed to Plaintiffs be ruled nondischargeable because Defendant is a not an individual, rendering it ineligible to obtain a discharge under the provisions of 11 U.S.C. § 727(a)(1); and/or
2. That the Court determine that the debts of Defendant RENOVII owed to Plaintiffs be ruled nondischargeable because Defendant knowingly and fraudulently attempted to obtain and did receive money from Plaintiffs rendering it ineligible to qualify for a discharge pursuant to 11 U.S.C. § 727(a)(4)(C);
3. For an award of attorneys' fees as allowable by law in an amount the Court deems to be reasonable;
4. For costs of suit herein incurred; and
5. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 5, 2023      DINCEL LAW GROUP, APC

By: _____
Kim O. Dincel
DINCEL LAW GROUP
Attorneys for Plaintiffs/Creditors,
JANICE CHEN and STEVEN LEE